IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LARRY GENE FRANCIS, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. H-18-3826 |
| v. § | |
| § | |
| GERALD NIXON, *et al.,* § | |
| § | |
| *Defendants.* § | |

**ORDER OF DISMISSAL**

Plaintiff, a Harris County pretrial detainee in custody pursuant to a pending motion to revoke his parole, files this *pro se* section 1983 complaint against two parole officers. He seeks reinstatement of his parole, release from pretrial detention, and monetary damages.

Plaintiff is a "three strikes" inmate who has been barred from proceeding *in forma pauperis* under section 1915(g) due to dismissal of his prior lawsuits as frivolous and/or for failure to state a viable claim. *See Francis v. Moss*, C.A. No. H-04-1094 (S.D. Tex. July 23, 2004) (dismissed as frivolous and for failure to state a viable claim); *Francis v. Lynaugh*, C.A. No. H-89-3011 (S.D. Tex. Mar. 5, 1992) (dismissed as frivolous); *Francis v. Doe*, C.A. No. H-04-1114 (S.D. Tex. Apr. 13, 2004) (dismissed for failure to exhaust administrative remedies). These lawsuits were dismissed prior to plaintiff's filing of the instant lawsuit. Plaintiff's complaint does not demonstrate that he was in imminent danger of serious physical injury at the time it was filed, and he may not proceed *in forma pauperis*.

Regardless, plaintiff's instant claims raise no viable claim for which relief can be granted under section 1983. His requests for reinstatement of parole and immediate release from detention sound in habeas, and may not be pursued in context of this section 1983 lawsuit. Nor has plaintiff exhausted his habeas claims through the state courts. His claims for monetary damages premised on a false motion to revoke probation are currently barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Moreover, because the motion to revoke probation remains pending in the state trial court, this Court would abstain from interfering with the state court process as required by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

This lawsuit is **DISMISSED WITHOUT PREJUDICE** pursuant to section 1915(g). Any and all pending motions are **DENIED AS MOOT**. Plaintiff may move to reinstate this case upon payment of the full $400.00 filing fee within twenty-eight days from date of this dismissal.

Signed at Houston, Texas, on this the 22nd day of October, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE